IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE WEATHERMEN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:01-CV-1366-G |
| | § | |
| TONY CIULLA and BRIAN WARNER | § | |
| p/k/a/ MARILYN MANSON, | § | |
| | § | |
| Defendants. | § | |

## MOTION FOR A JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, The Weathermen, Inc., files this Motion to have this case tried by jury, pursuant to Fed. R. Civ. P. 39(b), as follows:

Substance of Motion

This case was filed by Plaintiff in Texas State Court on March 28, 2001. Service proved difficult to accomplish such that Defendants' answer in State Court was not due until July, 2001. A jury trial was not demanded in Plaintiff's Original Petition, although in accordance with Texas State Court Procedure, Plaintiff would have had the option to request a jury trial in the case "within a reasonable time before the date set for trial on the non-jury docket", generally thirty (30) days. See Tex. R. Civ. P. 216.

After service, Defendant determined to remove the case to this Court which it did on July 16, 2001, following with its answer on July 24, 2001. Believing that the jury issue could be addressed later in the context of a removal case, Plaintiff missed its opportunity, pursuant to Fed. R. Civ. P. 38(b), to request a jury trial as of right which could have been done on or prior to



August 7, 2001. Realizing the oversight in connection with the preparation of the initial status report, on August 14th, Plaintiff requested that Defendants agree to a Motion that the case be tried before a jury. Because the case was at such a preliminary stage as to totally eliminate the possibility of any prejudice as a result of the slightly delayed jury request, Defendants' counsel readily agreed. See Joint Status Report filed August 15, 2001, Item 7.

This Motion should be granted because the issues in this case such as the existence of "malice", and generally, the parties' intent, are well suited to a jury trial. The fact that this Motion was made within a month of the filing of Defendants' Original Answer and Defendants were aware of Plaintiff's intent to seek a jury trial even prior to the filing of a Joint Status Report (before any discovery or disclosures had occurred and more than a year before the requested trial date), clearly demonstrates the lack of any prejudice in granting the Motion.

It has long been the rule in the Fifth Circuit that a Court should grant a jury trial in the absence of a strong and compelling reason to the contrary. See Farias v. Bexar County Board of Trustees for Mental Health Mental Retardation Services, 925 F.2d 866, 873 (5th Cir., 1991). While there are reported cases in which a Fifth Circuit District Court has not exercised its discretion to grant a jury trial, uniformly such cases have been in circumstances in which the delay in requesting the jury trial was far greater, prejudice from the delay was a real concern, and, most importantly, the Motion was opposed. See e.g., Rhodes v. Amarillo Hospital, 654 F.2d 1148, (5th Cir. Unit A, 1981) (Motion pursuant to Rule 39(b) denied where it was filed 30 months after Original Complaint, three weeks before trial and opposed by Plaintiff.) None of those factors apply here, presenting the strongest possible case for exercise of the Court's discretion. In the alternative and for the reasons stated above, Plaintiff requests that its time to file a jury demand pursuant to Rule 38(b) be extended pursuant to Rule 6(b).

## Conclusion

For the foregoing reasons, Plaintiff requests that this Motion be granted, that all issues in this case triable before a jury be so tried, and that Plaintiff have such other and further relief as may seem to the Court just and proper.

Respectfully submitted,

_____
Bruce E. Rothstein
State Bar No. 17319275
2501 Oak Lawn Avenue, Suite 350
Dallas, Texas 75219
Phone: (214) 969-6868
Facsimile: (214) 969-0258

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

This will confirm that on August 14, 2001, I conferred with counsel for Defendants, Rey Rodriguez, regarding the within Motion. He stated that he does not oppose this request as is reflected in the parties' Joint Status Report filed August 15, 2001.

_____
Bruce E. Rothstein

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via facsimile and certified mail, return receipt requested, to counsel for Defendants on this 24th day of August, 2001:

Rey Rodriguez
Gibson, Dunn & Crutcher, LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6911
Facsimile: (214) 698-3400

_____
Bruce E. Rothstein